Marco Antonio Sanchez Juarez v. Michael Siderakis And in this case, the appellant, as I understand it, is proceeding on submission. So we'll go straight to Appling. Mr. Schweitzer. Thank you, Your Honors. And may it please the Court, Aaron Schweitzer appearing on behalf of Mr. Sanchez and Ms. Gutierrez, the appellees. The nub of this appeal, as started by Michael Siderakis, was, at the start, whether he was an employer at all. That point, as of reply briefing, has been conceded. If we look at page 2 of the reply brief, the question they pose now is, was he an employer for more than 10 days? I.e., they concede he was an employer. The question is, factually, for how long? That puts us clearly in the realm of clear error review, because it was a finding of fact by the district court, based on its evaluation of the credibility of witnesses, that at paragraph 39 of page 4, 2070 of the appendix, Siderakis ceased coming to the restaurant in September of 2013. Prior to that, he was doing various employer actions. For instance, giving Angelos, Palatos, pay packets to distribute to employees, pay receipts for them to sign, and for he himself to keep and maintain. And he was also, at paragraphs 37 and 35, coming to the restaurant approximately two to three times per week during the period between March and September of 2013 to supervise employees, giving them instructions on how to do tasks, and tell them what to do. So, we have Mr. Siderakis being an employer throughout the time that the district court found he was an employer. That determination should not be disturbed. When we get to the computation and attribution of damages, those fall out necessarily from the finding that he was an employer between March and September of 2013. If we look at... The judgment doesn't do the calculation. It doesn't give a bottom line number. However, what it does say, it goes from page 1 to 2 of the judgment, it's 466 and 467 of the appendix, is that Mr. Siderakis is responsible for damages accruing through September 2013. That calculation is trivial to perform. We have, in fact, performed it. That's in our briefing. What's interesting, though, is that the judgment does very detailed breakdowns of different periods within this broader thing, but those breakdowns don't encompass the line between September 2013 and before and after. Isn't that a calculation the court needs to make in order to have a judgment that actually tells Mr. Siderakis what his exposure is, the component for which he's jointly and severally liable? I don't think so, because we know what the method of calculation for the period would be, had the cutoff period been September 2013. That period is... Excuse me. Yes, that period starts on August 1, 2013, in the calculation. We can then input as an endpoint in the calculation September 30, 2013. It happens to be that the endpoint the court used in the calculation was somewhat later than that, but if we use that end date according to the method that the court used, we can calculate the number. I guess that's what I'm trying to figure out. You're not going to ask us to do a calculation to determine what the actual judgment is for which Siderakis is responsible, or are you? Are you asking us to look at your calculations in your brief and direct the district court to enter a judgment in that amount? The district court already entered a judgment with a defined end date. At this point, we would be able to get an abstract judgment and enforce as the bottom line number based on that end date. When does that happen? When you go to enforce? And then the question is what's the judgment for which? I'm just trying to figure out how process-wise you translate the concept that the court ordered into an actual enforceable judgment. If you want to go to attach his assets, how much do you get to attach? Do you get to decide by providing these calculations, or does the court first have to do the calculation so that you know how much you can attach? I think we can do those calculations and come to a bottom line number as to what to attach. I don't think that is foreclosed procedurally. Would you have to go back to the district court and get an amended judgment or something along those lines? I don't think we have to. That's a remedy that's available, certainly. But it certainly doesn't warrant the relief that— Well, you have a judgment in at least to some extent, right? And I guess the question is whether you wanted to pursue more than that. You can't pursue the whole amount against Siderkis. No, of course not. We would pursue the amount that accrued through the—of damages that accrued through September 2013, and statutory prejudgment is just on that. Have you attempted just like a stipulation to an amended judgment so that the calculation is done? It just seems odd to not—I mean, you know, you've done the calculation in your briefing here. It just seems odd not to have that as part of the district court record and judgment. There has been no such stipulation. This appeal has been pending up to reply briefing on the issue of whether Siderkis was an employer at all. So if we affirm on that but remand to the district court to enter— An amended judgment? An amended judgment. I think that would be satisfactory to the plaintiff. There would be—what would not be warranted is a review of the underlying issue of whether he was an employer. And there would not be an adverse finding on the clear error review for the term of employment. The only issue on remand would be enter a judgment for a bottom line number. For a bottom line number relying on the average, the calculated average over the full course, but with respect to the time period that Siderkis is— Yes. Would it be an average or would it be— It would be per week during that period. Okay, but we see— So during the week beginning—sorry, during the period beginning August 1, 2013. That would be 43.5 hours per week, and that's 8.71 weeks. Right. So the court would have to do—it's not that they're taking the whole number and then chopping it by some percentage because the numbers vary from different periods depending on the hours and other things. So it would—it sounds like it's, from your perspective, a mechanical application, a calculation, but it is a calculation nonetheless. Yes. Thank you. I didn't have anything further. Appreciate it. Thank you for your arguments. We will take this under advisement.